UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN HUMBERTO CASTILLO-ALVAREZ, | Civil No. 16-3007 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| SHERIFF ROGER HAWKINSON and GOVERNOR TIM PAWLENTY, | |
| Defendants. | |

Juan Humberto Castillo-Alvarez, Reg. No. 235086, MCF-Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se*.

Plaintiff Juan Humberto Castillo-Alvarez, currently a state prisoner, filed a civil rights action under 42 U.S.C. § 1983 on September 7, 2016.  (Compl., Sept. 7, 2016, Docket No. 1.)  Instead of paying the filing fee, Castillo-Alvarez filed an application to proceed *in forma pauperis* ("IFP").  (IFP Appl., Sept. 7, 2016, Docket No. 2; *see also* Second IFP Appl., Sept. 7, 2016, Docket No. 3.)

Castillo-Alvarez's IFP application is subject to the requirements of 28 U.S.C. § 1915, under which prisoners granted IFP status are not excused altogether from paying the court's statutory filing fee.  § 1915(b)(1).  Rather, if funds exist, a prisoner granted IFP status must pre-pay an initial portion of the filing fee, which is calculated based on either the average monthly deposits or the average monthly balance in the prisoner's account.  *Id.*  Then, the statute provides that the remainder of the filing fee be deducted from the prisoner's account in installments over time.  § 1915(b)(2).  In

order for the Court to calculate the amount due as an initial filing fee, the IFP application must include a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Castillo-Alvarez did attach a financial record to his IFP application, but this was a "Compensation Statement," for September 1, 2016, showing compensation and deductions for what the Court presumes to be one pay period as well as year-to-date figures. (IFP Appl, Ex. 1.) But Castillo-Alvarez did not include a "certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." Without seeing details of deposits into and balances of Castillo-Alvarez's prison account **for the past six months**, the Court cannot calculate the initial filing fee that is due.

On November 10, 2016, United States Magistrate Judge Janie S. Mayeron ordered Castillo-Alvarez to provide, within 30 days, "an amended IFP application that satisfies the requirements of 28 U.S.C. § 1915(a)(2) and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)." (Order at 4, Nov. 10, 2016, Docket No. 7.) After Castillo-Alvarez failed to comply, on December 21, 2016, United States Magistrate Judge Leo I. Brisbois[1] issued a Report and Recommendation (R&R) recommending summary

---

[1] The case was reassigned to Magistrate Judge Brisbois upon the retirement of Magistrate Judge Mayeron.

dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  (R&R at 2, Dec. 21, 2016, Docket No. 9.)

After the issuance of the R&R and within the fourteen-day window for objections available under Fed. R. Civ. P. 72(b)(2) and D. Minn. LR 72.2(b)(1), Castillo-Alvarez mailed a handwritten letter to the Court – which the Court construes as an objection to the R&R – requesting that the Court "accept his filing fee" and explaining that Castillo-Alvarez has limited English proficiency and little understanding of "the rules and procedures of the court."  (Obj. to R&R at 1, Jan. 3, 2017, Docket No. 10.)  The letter states that Castillo-Alvarez "misinterpreted the court's request to proceed in forma pauperis.  Plaintiff can afford $5.00 dollar filing fee.  But he is unable to afford the full Plaintiff docketing fee as request[ed] for filing."  (*Id.* at 2.)  Along with the objections, Castillo-Alvarez sent five dollars to the Court.  (*Id.* at 3.)

Although Castillo-Alvarez did not strictly comply with the Magistrate Judge's Order directing him to provide an amended IFP application, because Castillo-Alvarez has provided some money to pay the initial filing fee and Castillo-Alvarez misunderstood the Magistrate Judge's Order dated November 30, 2016, the Court finds that it is in the interests of justice to allow Castillo-Alvarez an additional thirty (30) days to attempt to provide the necessary information.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** Castillo-Alvarez's Objections to the Report and Recommendation

[Docket No. 10].  The Court **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 9] and **REMANDS** for further proceedings consistent with this Order.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Within thirty (30) days of the date of this Order, Castillo-Alvarez send to the Court **a certified copy of the trust fund account statements (or institutional equivalent) for the six months before he filed the Complaint.**  Castillo-Alvarez should submit trust fund account statements, **not** compensation statements, if available.

2. Once the Court receives the proper documentation, the Court will notify Castillo-Alvarez of the remaining amount of the initial filing fee due, if any.  The five dollars ($5.00) Castillo-Alvarez has already provided will count toward this initial filing fee.

3. If Castillo-Alvarez fails to provide the necessary financial documentation within thirty (30) days, the Complaint will be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED:  March 1, 2017  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court