# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN HUMBERTO CASTILLO-ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF ROGER HAWKINSON,<br>GOVERNOR TIM PAWLENTY.<br><br>Defendants. | Case No. 16-cv-3007 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Juan Humberto Castillo-Alvarez, a prisoner, commenced this action by filing a Complaint seeking relief for alleged violations of his civil rights under 42 U.S.C. § 1983. ([Docket No. 1]). He did not pay any filing fee for this action, but instead filed an application to proceed *in forma pauperis* ("IFP"). This Court previously denied Castillo-Alvarez's IFP Application because he had three strikes against him under the Prison Litigation Reform Act ("PLRA"), which meant he had already filed three lawsuits that were dismissed for failure to state a claim. ([Docket No. 13]); see, also, 28 U.S.C. § 1915(g). Castillo-Alvarez has since paid the filing fee and his case is now before the Court for screening based on 28 U.S.C. § 1915A, which requires the Court to review and dismiss a complaint "in which a prisoner seeks redress from" a government entity, officer or employee if it fails to state a claim.

In 1997, Castillo-Alvarez was suspected of involvement in the kidnapping of a 15-year-old boy in Iowa who was later murdered in Minnesota, but Castillo-Alvarez fled to Mexico before police could arrest him. See, Castillo-Alvarez v. Hawkinson, No. 14-cv-542 (JRT/JSM),

2015 WL 6445479 *1 (D. Minn. 2015). He was extradited to the United States in 2006 and he was convicted of murder in Iowa state trial court; that conviction was overturned by the Iowa state Court of Appeals in September 2009, on the grounds that his speedy trial rights were violated. Id. Shortly thereafter, in February 2010, Castillo-Alvarez was extradited to Minnesota, where he was charged, tried, and convicted in Minnesota state court for crimes involving the same kidnapping and murder upon which his Iowa conviction had been based. Id. Castillo-Alvarez was sentenced to a total of 528 months' imprisonment. State v. Castillo-Alvarez, 820 N.W.2d 601, 621 (Minn. Ct. App. 2012).

In the case presently before this Court, Castillo-Alvarez claims that his 2010 arrest and extradition to Minnesota to stand trial in Minnesota state court violated the extradition treaty between the United States and Mexico, since by the time he was extradited to Minnesota, the Iowa conviction—which arose from the charges for which Castillo-Alvarez had been extradited from Mexico—had already been overturned. (Compl., [Docket No. 1], 3-5).

Castillo-Alvarez has challenged both his Minnesota conviction and his extradition from Iowa to Minnesota based on this argument numerous times before state and federal courts in both Iowa and Minnesota. See, Castillo-Alvarez, 2015 WL 6445479; Castillo-Alvarez v. Krukow, No. C14-4029-MWB, 2014 WL 6472871, *2 (N.D. Ia. Nov. 18, 2014); Castillo-Alvarez, 836 N.W.2d 527 (Minn. 2013), cert. denied 137 S. Ct. 594 (2016); Castillo-Alvarez, 820 N.W.2d at 625-26; Castillo-Alvarez v. Hawkinson, No. 10-cv-4187 (PAM/JJG), 2011 WL 3759828, *2 (D. Minn. Aug. 4, 2011), report and recommendation adopted at 2011 WL 3798585 (D. Minn. Aug. 25, 2011). The Court need not address the merits of Castillo-Alvarez's arguments here except to say that all of his challenges to his Minnesota conviction have been denied. See, e.g., Castillo-

2

Alvarez, 2015 WL 6445479, at *1; State v. Castillo-Alvarez, 836 N.W.2d at 540; Castillo-Alvarez v. Hawkinson, 2011 WL 3798585.

In the case presently before this Court, Castillo-Alvarez once again seeks discharge from imprisonment and $5,000,000 in damages. (Compl., [Docket No. 1], 5). For the reasons discussed below, Castillo-Alvarez's Complaint fails to state a cause of action because his claims are barred by Heck v. Humphey, 512 U.S. 477 (1994).

Heck prohibits an individual from challenging a state criminal conviction in a federal civil rights action. A habeas corpus petition is the only way a person convicted of a state criminal offense can challenge the validity of his conviction in federal court. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 486-87. Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). In short, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

As a result of this rule, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has

been reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. If the conviction has not been invalidated, the claim is "not cognizable under § 1983." Id.

In the case presently before the Court, a judgment in favor of Castillo-Alvarez would necessarily imply that his 2011 criminal conviction was invalid. In fact, Castillo-Alvarez specifically seeks release from confinement as relief. (Compl., [Docket No. 1], 5) (requesting "discharge . . . from imprisonment"). He has already filed a habeas petition in this District in which he specifically made the exact claim that he makes here. Castillo-Alvarez, WL 6445479, at *3, 7-8. That prior petition was denied, the Eighth Circuit denied him an appeal, and he does not claim that his Minnesota conviction has otherwise been invalidated. He cannot now challenge or attempt an end-run around the conclusion of this Court in the prior habeas proceedings with regards to his argument that the extradition from Iowa to Minnesota was invalid simply by filing a civil rights claim. Because the conviction for which Castillo-Alvarez is in prison has not been invalidated and the Complaint in this case requests relief barred by Heck, his present Complaint fails to state a cause of action on which relief can be granted.

The Court notes that Castillo-Alvarez might argue that the invalidation of his Iowa conviction on the grounds that it violated his speedy trial rights somehow implicates his Minnesota conviction so as to lift the Heck bar to his claim.[1] However, in the present case, Castillo-Alvarez is clearly challenging the Minnesota conviction and no court has invalidated that conviction. The Court is unpersuaded by the argument that the invalidation of any

---

[1] In fact, Plaintiff raised this issue in a Motion to Amend his Complaint which was denied by this Court. (See, [Docket Nos. 18 and 20]). He claimed that his "case meet[s] Heck's standards" because his Iowa conviction was "declared invalid." The Court addresses the argument here should he attempt to raise it in objections to this Report.

4

conviction – even if it is not the conviction under which Plaintiff is imprisoned – will lift the Heck bar.

Finally, the Court has considered whether Castillo-Alvarez's current pleading could be construed to be a habeas corpus petition but, as mentioned, Castillo-Alvarez has already sought and been denied habeas relief on the same grounds he presents here and he cannot do so again without pre-approval from the Eighth Circuit Court of Appeals. See, 28 U.S.C. § 2244(b). Moreover, the 1-year statute of limitations for federal habeas corpus petitions has long since run. See, 28 U.S.C. § 2244(d)(1).

The Court therefore concludes that Castillo-Alvarez has failed to state a cause of action on which relief can be granted. Accordingly, the Court recommends that this action be summarily dismissed under 28 U.S.C. § 1915A. The case should be dismissed without prejudice so that Castillo-Alvarez will still be able to pursue a civil rights claim if his 2011 Minnesota state criminal conviction is ever overturned. Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

Dated: September 29, 2017

    s/Leo I. Brisbois
    LEO I. BRISBOIS
    United States Magistrate Judge
    District of Minnesota

NOTICE

Filing Objections:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).