## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN HUMBERTO CASTILLO-ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF ROGER HAWKINSON and GOVERNOR TIM PAWLENTY,<br><br>Defendants. | Civil No. 16-3007 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION** |

Juan Humberto Castillo-Alvarez, Reg. No. 235086, Minnesota Correctional Facility-Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se* plaintiff.

Juan Humberto Castillo-Alvarez brings this 42 U.S.C. § 1983 action alleging that his extradition from Iowa to Minnesota and ongoing detention violate his constitutional rights and seeking release and $5 million in damages. (Compl., Sept. 7, 2016, Docket No. 1.) Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A because the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (R&R, Sept. 25, 2017, Docket No. 25.) Castillo-Alvarez objected, arguing that *Heck* allows his claims because his earlier Iowa conviction on the same facts was overturned and Iowa and Minnesota acted as a single sovereign with regard to his initial extradition from Mexico. (Objs.,

Oct. 13, 2017, Docket No. 28.)  Because this argument is unavailing, the Court will overrule the objections, adopt the R&R, and dismiss the case without prejudice.

## BACKGROUND

In 2006, Juan Humberto Castillo-Alvarez was extradited from Mexico to Iowa to stand trial for second-degree murder and kidnapping based on events that took place in Iowa and Minnesota in 1997.  *Castillo-Alvarez v. Smith* (*Castillo-Alvarez*), No. 14-542, 2015 WL 6445479, at *1-2 (D. Minn. Oct. 23, 2015).  His subsequent conviction was overturned by the Iowa Court of Appeals on speedy trial grounds.  *State v. Castillo-Alvarez*, No. 08-0868, 2009 WL 2960419, at *6 (Iowa Ct. App. Sept. 2, 2009).

Soon thereafter, Castillo-Alvarez was charged with and convicted of the same crimes in Minnesota.  *State v. Castillo-Alvarez*, 836 N.W.2d 527, 530 (Minn. 2013).  As part of that process, he was extradited from Iowa, where he was still in custody on an unrelated charge.  *Castillo-Alvarez*, 2015 WL 6445479, at *2.  Minnesota courts, followed by this Court, have consistently rejected arguments that the second extradition violated the Extradition Treaty between the United States and Mexico and that the second prosecution violated the Double Jeopardy Clause.  *Id.* at *2-3.

Castillo-Alvarez now brings this action under 42 U.S.C. § 1983 based on two underlying claims that are substantively identical to those rejected by this Court in the course of considering his petition for writ of habeas corpus.  *See id.* at *6-8.

# DISCUSSION

## I. SECTION 1915A SCREENING

The Prison Litigation Reform Act requires screening of civil actions brought by prisoners against a government entity, officer, or employee to determine whether the claims are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Upon receiving this case for screening, the Magistrate Judge recommended dismissal because Castillo-Alvarez's claims "call into question the lawfulness of conviction or confinement" and are therefore not cognizable under § 1983. *Heck*, 512 U.S. at 483, 486-87. In short:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—**if** success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck* and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)). The fact that Castillo-Alvarez filed this action from prison and seeks release and damages would ordinarily make this case open-and-shut.

Castillo-Alvarez agrees that *Heck* controls, but submits that he has met its requirement that he "prove that the conviction or sentence has been reversed on direct appeal" with his victory in the Iowa Court of Appeals. (Objs. at 12 (quoting *Heck*, 512 U.S. at 486-87).) The Magistrate Judge anticipated this objection and rejected it on the grounds that Castillo-Alvarez is challenging the Minnesota conviction. (R&R at 4-5.) Attempting to add a wrinkle, Castillo-Alvarez argues that the Iowa reversal should be

imputed to his Minnesota sentence because the two states are a single sovereign with regard to the Treaty, which is the supreme law of the land. (Objs. at 10-12.) But this wrinkle is merely unfolded from Castillo-Alvarez's earlier argument that the Treaty prohibited his extradition from Iowa to Minnesota.

"The Framers split the atom of sovereignty. It was the genius of their idea that our citizens would have two political capacities, one state and one federal, each protected from incursion by the other." *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 838 (1995) (Kennedy, J., concurring). It is true that the United States has the exclusive power to make treaties, which bind the states. U.S. Const. art. II, § 2, cl. 2. But, within those bounds, the states have separate sovereign authority to enforce their own criminal laws. *Heath v. Alabama*, 474 U.S. 82, 93 (1985). As such, the Iowa speedy trial violation has nothing to do with whether the Treaty allowed Castillo-Alvarez's extradition from Iowa to Minnesota (it did, *see Castillo-Alvarez*, 2015 WL 6445479, at *8), which is unrelated to whether the Double Jeopardy Clause prohibited the Minnesota prosecution (it did not, *see id.* at *6) – which is in turn unrelated to whether he may advance these same claims once again in a § 1983 suit (he may not, *see Heck*, 512 U.S. at 486-87.)

Castillo-Alvarez makes a series of other objections to the R&R, but they are all reiterations of his previously rejected merits arguments. (Objs. at 3-9.) Each calls into question the lawfulness of his conviction and confinement; as such, none undermines the conclusion of the Magistrate Judge that this action is barred by *Heck*. 512 U.S. at 486-87.

## II.    CERTIFICATE OF APPEALABILITY

Castillo-Alvarez has also preemptively petitioned the Court for a Certificate of Appealability. (Appl. Certificate of Appealability, Oct. 13, 2017, Docket No. 29.) He subsequently filed an accompanying Motion and Affidavit for Permission to Appeal In Forma Pauperis. (Mot. and Aff., Dec. 6, 2017, Docket No. 35.) The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, Castillo-Alvarez has not shown that reasonable jurists would find the issues raised in this § 1983 action debatable, that another court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court will decline to grant a Certificate of Appealability, and will deny the related filings as moot.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 28], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 25]. **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. For the purpose of appeal, the Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

3. Plaintiff's Application for Certificate of Appealability [Docket No. 29] and Motion and Affidavit for Permission to Appeal In Forma Pauperis [Docket No. 35] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 14, 2017
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court